## Case No. 14,921.

UNITED STATES ex rel. DE LOYNE v. DAVIDSON.

[1 Biss. 433;[1] 2 Chi. Leg. News, 385.]

Circuit Court, N. D. Illinois. Jan., 1864.

MARSHAL'S BOND—CITIZENHSIP—FEDERAL JURISDICTION—PARTIES.

1. The United States courts have jurisdiction in all cases of marshal's bonds, irrespective of the citizenship of the parties, and this jurisdiction rests on the ground that within the meaning of the constitution they are cases under the laws of the United States.

[Cited in Pierson v. Philips, 36 Fed. 837.]

2. Although the courts had no authority to maintain actions in this class of cases, until congress exercised the power to give jurisdiction, the act of April 10th, 1806 [2 Stat. 372], having provided for suits on marshal's bonds, this jurisdiction is established.

[See Adler v. Newcomb, Case No. 83.]

3. Under this act it is optional with the injured party to bring the suit on the bond in his own name, or in the name of the United States, and the United States is not substantially a party to the record.

[Cited in Hagood v. Blythe, 37 Fed. 251.]

Motion to dismiss a suit upon a marshal's bond, on the ground that the court has no jurisdiction, the allegations in the declaration concerning the citizenship of the parties not bringing the case within the 12th section of the judiciary act [1 Stat. 79].

C. A. Gregory, for plaintiff.
William C. Goudy, for defendant.

DRUMMOND, District Judge. This is a suit on the bond of J. W. Davidson, formerly marshal of this district, and his sureties, in the name of the United States, for the benefit of George De Loyne, whose interest alone is affected. It is averred in the declaration that De Loyne is a citizen of the state of Illinois, and also that Davidson and his co-defendants are citizens of the same state.

---

1 [Reported by Josiah H. Bissell, Esq, and here reprinted by permission.]

This is a question of great nicety, and I have come to the conclusion that the action can be maintained. I will state, very briefly, the grounds of my opinion. I assume that the party really in interest here is the person for whose use the suit is brought; that he is to all intents and purposes the plaintiff in the suit. By the terms of the judiciary act of 1789 the marshal, before he enters upon the duties of his office, must give bonds in the sum of twenty thousand dollars for the faithful performance of his duties, with securities satisfactory to the judge. The original act makes no provision as to suit upon the bond. The act of 1806 makes such provision.

It is necessary to advert to the language of the constitution as to the power existing in courts of the United States to maintain actions. The second section of the third article of the constitution declares: "The judicial power shall extend to all cases in law and equity arising under the constitution, the laws of the United States and treaties made, or which shall be made under their authority." The language of the constitution is that judicial power extends, among other cases, to cases arising in law and equity under the laws of the United States.

It has been maintained with a good deal of force that this was a self executing provision; that when the courts of the United States were established by act of congress, this provision of the constitution operated directly to vest jurisdiction in courts of the United States. That has not been the construction which has been given to this section of the constitution, but the construction has been that it was necessary that there should be an act of congress to vest in the courts authority to maintain actions in a particular case, and that, unless congress did give jurisdiction, no jurisdiction actually existed; accordingly, congress has, from time to time, vested in the courts of the United States jurisdiction in this class of cases, as it is a dormant power that springs into life only by virtue of an act of congress.

The law of April 10th, 1806 (2 Stat. 372), provides that "the bond heretofore given, or which may hereafter be given, by the marshal of any district, for the faithful performance of the duties of his office, shall be filed and recorded in the office of the clerk of the district court, or circuit court, sitting within the district for which such marshal shall have been appointed." The second section provides that "it shall be lawful, in case of the breach of the condition of any such bond, for any person, persons, or body politic, thereby injured, to constitute a suit upon such bond, in the name and for the sole use of such party, and, thereupon to recover such damages as shall be legally assessed, with costs of suit, for which execution may issue for such party in due form; and, in case such party shall fail to recover in the suit, judgment shall be rendered and execution may issue for costs in favor of the defendant or defendants, against the party who shall have instituted the suit, and the United States shall in no case be liable for the same."

This court has held in cases which have been formerly considered, that this was, to all intents and purposes, a suit for the sole use and in the name of the party whose interest is affected—in this particular case for the sole use and in the name of George De Loyne; and that it was competent to use, nominally, the name of the United States in instituting the action. It is not compulsory to institute the suit in the name of the person who has been damnified, without the name of the United States—but that the common law right still exists to use the name of the United States for the use of the party.

It is impossible to avoid the conclusion, enforced in the several decisions, that the United States are not substantially the parties upon this record. In the case of McNutt v. Bland, 2 How. [43 U. S.] 9, the supreme court of the United States held that McNutt was not, within the meaning of the law of congress, the party upon the record. But that was a suit upon a sheriff's bond given to the governor of Mississippi, and the party really on the record was the party who was damnified, and for whose benefit the suit was brought. The court maintained the jurisdiction. This being so, it would follow that, in this case, the United States are only nominally a party.

It resolves itself into this: Whether it was the intention of congress, by the second section of the act of 1806, to vest in the courts of the United States jurisdiction where suits were brought on marshals' bonds, on the ground that within the meaning of the language of the constitution, it is a case under the laws of the United States. It is clear that the laws of the United States determine absolutely as to the responsibility of the marshal and his securities. I have come to the conclusion that it was the intention of this act of congress to vest jurisdiction in the United States courts in all cases of marshals' bonds, irrespective of the citizenship of the parties. It will be observed congress does not use the language it sometimes uses—that suit may be instituted on such bond in any court having jurisdiction of the same, state or national, but the language is "to institute the suit upon such bond in the name and for the sole use of the party." Is it presumable that congress, in using this language, intended to apply it to the courts of the states? Is it not, on the contrary, a natural presumption that it was to apply to the courts of the United States over which they had supreme control? Was congress speaking of state courts, where it declared that judgment shall be rendered and execution may issue for such party in due form? Was it not intended to apply to courts of the United States? I think it was, and that congress was giving

directions to the courts of the United States, and that it was the intention of this act of congress to vest in United States courts jurisdiction in this class of cases.

The third section strengthens this view of the case. It provides that "the said bonds shall after any judgment or judgments rendered thereon, remain as a security for the benefit of any person, persons, or body politic injured by breach of the condition of the same until the whole penalty shall have been recovered, and the proceedings shall be always in the same manner and as hereinbefore directed." Then comes in the declaration in relation to the limitation of actions.

This is the conclusion I have arrived at on this subject. The argument from inconvenience is very strong in favor of this construction of the act of 1806. If it was the intention of the act of congress that suit could be brought in the state courts only, on these bonds, it is easy to see it would give rise to conflicts of jurisdiction and questions as to the right of priority of claims. It is true that the language might have been more precise and distinct. It might have specified the courts in which suits were to be instituted; but it has not done so, and the only question is whether it was contemplated by the framers of this law that suits should be instituted in the courts of the United States. I think that is a fair inference from the various provisions of the act.

The motion will be overruled.